**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, | ) |
| | ) |
| | ) Case No.: 14-cv-3517 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Judge Matthew F. Kennelly |
| JIMMY KAWA, ELLIS QUALLS, | ) |
| BEN LAWSON and BRYAN NARBERT, | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Dallas Buyers Club, LLC, by and through its undersigned counsel, for and as its Complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). As set forth in greater detail below, this action involves the unauthorized acquisition and transfer by Defendants of Plaintiff's mainstream copyrighted motion picture "Dallas Buyers Club" (hereinafter, the "Motion Picture" or "Dallas Buyers Club").

2. Dallas Buyers Club received six Academy Award nominations including Best Motion Picture of the Year and was awarded Best Performance by an Actor in a Leading Role (Matthew McConaughey) and Best Performance by an Actor in a Supporting Role (Jared Leto). Prior to its Oscar nominations, the Motion Picture won Golden Globes for Best Performance by an Actor in a Motion Picture (Matthew McConaughey) and Best Performance by an Actor in a Supporting Role in a Motion Picture (Jared Leto). To date, Dallas Buyers Club has received critical worldwide acclaim and has won at least 73 awards and garnered an additional 44 nominations as listed in Exhibit A. The Motion Picture

has significant value and has been created and produced at considerable expense. Dallas Buyers Club has played in theaters and is available for rental and/or purchase from at least Amazon, iTunes, Netflix and Blockbuster On Demand.

    3.    This Court has jurisdiction under 17 U.S.C. §101 *et seq.;* 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

    4.    The transfer and copying of the Motion Picture is accomplished using a network called a "BitTorrent protocol" or "torrent," which is different than the standard Peer-to-Peer ("P2P") protocol. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") and the network, through a series of steps, connect to the seed file to download a movie. As additional peers request the same file, each additional user becomes a part of the network from which the file can be downloaded. Each new file downloader receives a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network intentionally also becomes a source of download for that infringing file.

    5.    This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer who has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is

stealing copyrighted material from many Internet Service Providers ("ISPs") in numerous jurisdictions.

6.     On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as exclusive rights owner, within Illinois and within this District, reproduced, distributed and offered to distribute among other Defendants over the Internet the copyrighted Motion Picture for which Plaintiff has exclusive rights.  Plaintiff has used geolocation technology to trace the Internet Protocol ("IP") addresses of each Defendant to a point of origin within this District.  Pursuant to a subpoena issued to Defendants' ISP, Comcast, that sought user information for Defendants' IP addresses, Plaintiff has identified each Defendant and obtained their name and address.  ISP Comcast, on information and belief, generally assigns an IP address to a single party for extended periods of time and Defendants have been identified based on the exact time of infringement.  On information and belief, each Defendant has an IP address based in this District and resides in or committed copyright infringement in this District.

7.     In the alternative, this Court has personal jurisdiction over non-resident Defendants, if any, under the Illinois long-arm statute, 735 ILCS 5/2-209(a)(2), because they downloaded copyrighted content from or uploaded it to Illinois residents located in this District, thus committing a tortious act within the meaning of the statute.

8.     Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). On information and belief, Defendants reside in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.  In the alternative, on information and belief, a Defendant resides in this District and all of the Defendants reside in this State.

**THE PARTIES**

9. Plaintiff is a developer and producer of motion pictures. Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted Motion Picture. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that Plaintiff spends considerable sums to create, acquire and/or distribute. Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted Motion Picture to others over the Internet, each person who copies the Motion Picture then distributes the unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

10. Plaintiff is the owner of the copyright and/or the pertinent exclusive rights under copyright in the United States in the Motion Picture that has been unlawfully distributed over the Internet by Defendants.

11. Each Defendant was originally identified to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider and the date and the time at which the infringing activity of each Defendant was observed. Information obtained pursuant to a subpoena issued to each Defendant's ISP has led to the identification of each Defendant as set forth herein. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

12. On information and belief, Defendant Jimmy Kawa is a resident of the Northern District of Illinois and St. Charles. On information and belief, Defendant Kawa was observed infringing Plaintiff's motion picture using Internet Protocol Address 50.151.53.81. See Exhibit C

(providing details regarding the exact time of infringement).

13. On information and belief, Defendant Ellis Qualls is a resident of the Northern District of Illinois and Bolingbrook. On information and belief, Defendant Qualls was observed infringing Plaintiff's motion picture using Internet Protocol Address 50.165.61.54. See Exhibit C (providing details regarding the exact time of infringement).

14. On information and belief, Defendant Ben Lawson is a resident of the Northern District of Illinois and Sauk Village. On information and belief, Defendant Lawson was observed infringing Plaintiff's motion picture using Internet Protocol Address 76.16.154.252. See Exhibit C (providing details regarding the exact time of infringement).

15. On information and belief, Defendant Bryan Narbert is a resident of the Northern District of Illinois and Glenview. On information and belief, Defendant Narbert was observed infringing Plaintiff's motion picture using Internet Protocol Address 98.213.3.140. See Exhibit C (providing details regarding the exact time of infringement).

## COUNT I
## COPYRIGHT INFRINGEMENT

16. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for the copyrighted Motion Picture, including derivative works. The copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration (Registration No. PA 1-873-195) issued by the Register of Copyrights on November 13, 2013. (Exhibit B).

17. The copyrighted Motion Picture includes a copyright notice advising the viewer that the Motion Picture is protected by the Copyright Laws.

18. Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted Motion

5

Picture. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and the time at which the infringing activity of each Defendant was observed (Exhibit C). Pursuant to a subpoena issued to each Defendant's ISP, Plaintiffs have linked each Defendant to his or her IP address. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*).

19. On information and belief, each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's copyrighted Motion Picture in digital form with other Defendants. In particular, on information and belief, Defendants participated in a collective and interdependent manner with other Defendants via the Internet for the unlawful purpose of reproducing, exchanging and distributing copyrighted material unique to the swarm.

20. By participating in the same swarm, each Defendant participated in the same transaction, occurrence or series of transactions or occurrences as the other Defendants in the swarm. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

21. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

22. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted Motion Picture made in violation of Plaintiff's copyrights.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against each Defendant and relief as follows:

1. For entry of permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Each Defendant also shall destroy all copies of Plaintiff's Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded Motion Picture transferred onto any physical medium or device in each Defendant's possession, custody or control.

2. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

3. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial.

4. For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's Motion Picture which are in Defendants' possession or under their control.

5. For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

6. For Judgment in favor of Plaintiff against Defendants, awarding Plaintiff such further declaratory and injunctive relief as may be just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

DATED: March 19, 2015

Respectfully submitted,

DALLAS BUYERS CLUB, LLC

By:  s/ Michael A. Hierl
 Michael A. Hierl (Bar No. 3128021)
 Todd S. Parkhurst (Bar No. 2145456)
 Hughes Socol Piers Resnick & Dym, Ltd.
 Three First National Plaza
 70 W. Madison Street, Suite 4000
 Chicago, Illinois 60602
 (312) 580-0100 Telephone

 Attorneys for Plaintiff
 Dallas Buyers Club, LLC

**CERTIFICATE OF FILING**

      The undersigned attorney hereby certifies that a true and correct copy of the foregoing Complaint for Copyright Infringement was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on March 19, 2015.

                                                                        s/Michael A. Hierl