**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, | ) |
|    Plaintiff, | ) Case No.: 14-cv-3517 ) |
| v. | ) Judge Matthew F. Kennelly ) |
| JIMMY KAWA, ELLIS QUALLS, BEN LAWSON and BRYAN NARBERT, | ) ) ) |
|    Defendants. | ) ) |

### PLAINTIFF'S RESPONSE TO BRYAN NARBERT'S MOTION TO SEVER

Plaintiff Dallas Buyers Club, LLC, by undersigned counsel, states as follows in response to Defendant Bryan Narbert's Motion to Sever:

1. On April 13, 2015, Bryan Narbert filed a Motion to Sever. See: Motion to Sever Defendant Bryan Narbert, Formerly Known as Defendant John Doe #18 [Dkt. No. 41]. The only argument made in the Motion was that Mr. Narbert should be severed from the other three defendants in this case, and the cause of action against him be dismissed, because joinder is allegedly improper here. *Id.*, *passim*. The Motion argued no other point. *Id.*

2. When Bryan Narbert filed his Motion to Sever, there were three other named defendants in this case: Jimmy Kawa, Ellis Qualls and Ben Lawson.

3. On May 12, 2015, Plaintiff voluntarily dismissed Defendant Ellis Qualls without prejudice. [Dkt. No. 48].

4. On May 20, 2015, Plaintiff voluntarily dismissed Defendant Jimmy Kawa with prejudice. [Dkt. No. 50].

5. On May 21, 2015, Plaintiff voluntarily dismissed Defendant Ben Lawson without prejudice. [Dkt. No. 52].

6. The only remaining defendant in this case is Mr. Narbert. Mr. Narbert has also filed an Answer. [Dkt. No. 43].

7. Bryan Narbert's Motion to Sever should be denied as moot because he is the only remaining defendant in this case.

8. In the "Conclusion" paragraph of his Motion, Mr. Narbert also seeks to: (1) vacate the Court's Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to the Rule 26(f) Conference; (2) vacate "Plaintiff's third party subpoena as to Defendant" and (3) if the Motion is denied, "that the Court certify its order … for immediate appeal." [Dkt. No. 41, pg. 9]. The Motion fails to make any argument or provide any legal support for the additional relief that Mr. Narbert seeks. *Id., passim*. Mr. Narbert has already been identified; he has been named as a defendant in the litigation; and he has been properly served. [Dkt. No. 51]. Mr. Narbert has filed an Answer, and the parties are now at issue. Thus, the additional relief sought by Mr. Narbert should also be denied as moot and, obviously, there is nothing to appeal.

            Respectfully submitted,

Dated: May 21, 2015      DALLAS BUYERS CLUB, LLC

            By: s/Michael A. Hierl\_
              Michael A. Hierl (Bar No. 3128021)
              Todd S. Parkhurst (Bar No. 2145456)
              Hughes Socol Piers Resnick & Dym, Ltd.
              70 W. Madison Street, Suite 4000
              Chicago, Illinois 60602
              (312) 580-0100
              mhierl@hsplegal.com

              Attorneys for Plaintiff
              Dallas Buyers Club, LLC

## **CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that a true and correct copy of the foregoing Plaintiff's Response to Bryan Narbert's Motion to Sever was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on May 21, 2015.

                   s/Michael A. Hierl